FILED

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

2012 DEC -4  P 2: 53

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

CITIGROUP INC., a Delaware corporation,  )
                                        )

    Plaintiff,  )
                                          )  Civil Action No.: 1:12 cv 1389
      v.  )  GBL/TRJ
                                          )

&lt;citycard.com&gt;  )
                                          )

    Defendant.  )

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Citigroup Inc. ("Plaintiff" or "Citigroup"), by and through its undersigned counsel, brings its Complaint for Injunctive Relief against &lt;citycard.com&gt; (the "Domain Name") seeking relief pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2) (the "ACPA").

### I.    SUMMARY OF ACTION

1.    This is an action brought pursuant to the *in rem* provisions of the ACPA. Plaintiff is a leading provider of financial services in the United States and throughout the world. Plaintiff is the owner of, among others, the federally registered trademarks and service marks CITI, CITIMILES, CITI PREMIERPASS, CITIGROUP, CITI SIMPLICITY, CITI MOBILE, and CITI THANKYOU (the "CITI Marks"). Plaintiff operates its Internet banking and other financial services through such domain names as &lt;citi.com&gt;, &lt;citibank.com&gt;, &lt;citibankonline.com&gt;, &lt;citicard.com&gt;, and &lt;citicards.com&gt; (the "CITI Domain Names"). Plaintiff has spent substantial sums advertising the CITI Marks.

2.    Notwithstanding Plaintiff's rights to the CITI Marks, the Domain Name was registered and maintained by a foreign registrant through a foreign registrar. The WHOIS information for the Domain

Name indicates that it is currently registered to a foreign person or entity, namely, "Yongki" or "Yongki Yu" in Seoul, South Korea. The WHOIS information for the Domain Name is attached hereto as **Exhibit 1**.

3.          Based on the extra-jurisdictional location of the registrant for the Domain Name, Plaintiff is unable to obtain *in personam* jurisdiction over the entity responsible for registering, using, and/or trafficking in the Domain Name and therefore brings this action as an *in rem* proceeding pursuant to Section 1125(d)(2)(A)(i) of the ACPA.

## II.    THE PARTIES

4.          Plaintiff Citigroup Inc. is a Delaware corporation having its principal place of business at 399 Park Avenue, New York, New York 10043.

5.          According to the WHOIS domain name registration records (Exhibit 1), The Domain Name, which unlawfully incorporates Plaintiff's CITI Marks, is registered to a foreign registrant, Yongki (or Yongki Yu), 3F, Hanjin, B/D/, 607-12 Yeoksam-dong Gangnam-gu, Seoul. The registrant's email address is identified as icontents@gmail.com, with tel. 02-3461-3536. The registrar is Hangang Systems, Inc., d/b/a doregi.com. Upon information and belief, the registrar is an entity based in South Korea. However, the Domain Name, which contains the <.com> extension, resides with the registry VeriSign, Inc., of Reston, Virginia, which is responsible for maintaining the <.com> registry.

## III.   JURISDICTION AND VENUE

6.          This Court has *in rem* jurisdiction over the Domain Name under 15 U.S.C. § 1125(d)(2)(C) because registry VeriSign, Inc. is located in this judicial district. VeriSign, Inc.'s headquarters is located in Reston, Virginia.

7.      This Court has subject matter jurisdiction under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, and 1338(a).  In addition, this Court has subject matter jurisdiction under 15 U.S.C. § 1125(d)(2)(A)(ii)(I), because Plaintiff is unable to obtain *in personam* jurisdiction over the person or persons responsible for registering, using, and trafficking in the Domain Name.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 1125(d)(2)(C) because the res, i.e., the Domain Name, is located within this judicial district.

## IV.   FACTUAL BACKGROUND

### A.   Plaintiff's Famous Marks

9.      Plaintiff is a world-renowned financial services company that owns an extensive family of famous trademarks and service marks comprised of or featuring the CITI Marks.

10.      Among other applications and registrations, the mark CITI, U.S. Reg. No. 1,181,467, was registered on December 8, 1981 for "Financial services, namely, extending consumer and industrial loans to others; credit card servicing and the purchasing and servicing of consumer receivables associated therewith; commercial lending; servicing loans and extensions of credit; real estate lending; mortgage financing and mortgage servicing; investment advisory and financial advisory services; providing venture capital to others." A true and correct copy of the certificate of registration as maintained by the United States Patent and Trademark Office for the CITI mark, U.S. Registration Number 1,181,467, is attached hereto as **Exhibit 2.** The registration is valid and subsisting and is in full force and effect.  Plaintiff's rights in the mark have become incontestable pursuant to 15 U.S.C. § 1065.

11.      The mark CITIMILES, U.S. Reg. No. 1,878,857, was registered on February 14, 1995 for "incentive award program promoting the use of credit cards" and "credit cards." A true and correct copy of

the certificate of registration as maintained by the United States Patent and Trademark Office for the CITIMILES mark, U.S. Registration Number 1,878,857, is attached hereto as **Exhibit 3**. The registration is valid and subsisting and is in full force and effect. Plaintiff's rights in the mark have become incontestable pursuant to 15 U.S.C. § 1065.

12.     The mark CITI PREMIERPASS, U.S. Reg. No. 2,961,545, was registered on June 7, 2005 for "Credit card services." A true and correct copy of the certificate of registration as maintained by the United States Patent and Trademark Office for the CITI PREMIERPASS mark, U.S. Registration Number 2,961,545, is attached hereto as **Exhibit 4.** The registration is valid and subsisting and is in full force and effect. Plaintiff's rights in the mark have become incontestable pursuant to 15 U.S.C. § 1065.

13.     The mark CITIGROUP, U.S. Reg. No. 2,406,753, was registered on November 21, 2000 for "full range of financial services; banking services; credit card services; securities trading; consulting and underwriting services; investment services." A true and correct copy of the certificate of registration as maintained by the United States Patent and Trademark Office for the CITIGROUP mark, U.S. Registration Number 2,406,753, is attached hereto as **Exhibit 5.** The registration is valid and subsisting and is in full force and effect.

14.     The mark CITI SIMPLICITY, U.S. Reg. No. 3,231,100, was registered on April 17, 2007 for "promoting the sale of credit card accounts, and the goods and services of others, through credit card customer loyalty and reward programs" and for "credit card services." A true and correct copy of the certificate of registration as maintained by the United States Patent and Trademark Office for the CITI SIMPLICITY mark, U.S. Registration Number 3,231,100, is attached hereto as **Exhibit 6.** The registration is valid and subsisting and is in full force and effect.

4

15.     The mark CITI MOBILE, U.S. Reg. No. 3,555,337, was registered on December 30, 2008 for "financial services, namely, banking and investment advisory services." A true and correct copy of the certificate of registration as maintained by the United States Patent and Trademark Office for the CITI MOBILE mark, U.S. Registration Number 3,555,337, is attached hereto as **Exhibit 7**.  The registration is valid and subsisting and is in full force and effect.

16.     The mark CITI THANKYOU, U.S. Reg. No. 3,956,034, was registered on May 3, 2011 for "promoting the goods and services of others through the administration of incentive reward and redemption programs by distributing rewards for credit and debit card use, and for banking and wealth management customer loyalty." A true and correct copy of the certificate of registration as maintained by the United States Patent and Trademark Office for the CITI THANKYOU mark, U.S. Registration Number 3,956,034, is attached hereto as **Exhibit 8.**  The registration is valid and subsisting and is in full force and effect.

17.     Citigroup's <citicard.com> and <citicards.com> domain names resolve to premier websites used by Citigroup's existing and prospective consumers to obtain information about Citigroup credit cards and credit card services, to access their Citigroup online credit card accounts, and to apply for Citigroup credit cards.

18.     In addition to rights in the United States, certain CITI Marks are applied for or registered in approximately 200 countries throughout the world.

19.     The CITI Marks represent to the worldwide consuming public the goods and services offered by Plaintiff and its affiliates and/or licensees.

20.     Plaintiff has made extensive use of the CITI Marks by providing its services throughout the United States and around the world, and due to the extensive use and registration of the CITI Marks, the

CITI Marks have become famous both in the United States and abroad.

**B.      Registration and Use of the Domain Name**

21.      Subsequent to Plaintiff's registration of the CITI Marks with the United States Patent and Trademark Office, and without Plaintiff's consent, the registrant registered or acquired the Domain Name.

22.      The Domain Name, which is a <.com> domain, is maintained by the VeriSign, Inc. registry located in Reston, Virginia.

23.      The Domain Name is registered to a foreign registrant, Yongki or Yongki Yu, the person or entity responsible for registering, using, and/or trafficking in the Domain Name. See Exhibit 1.

24.      The Domain Name consists of the element "CITY" coupled with the element "CARD." "CITY" is a phonetic equivalent and nearly-identical misspelling of Plaintiff's famous "CITI" mark. "CITI" and "CITY" are legal equivalents. "CARD" evokes Plaintiff's world-renowned credit card services. Thus, the Domain Name is confusingly similar to, and dilutive of, the famous CITI Marks and CITI Domain Names, and it violates Plaintiff's exclusive trademark and service mark rights in the CITI Marks in the United States and abroad.

25.      Upon information and belief, the registrant of the Domain Name received a financial benefit each time an Internet user accessed the websites affiliated with the Domain Name.

26.      On or about July 28, 2011, Plaintiff filed an arbitration action against the Domain Name pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN"). The UDRP is applicable to domain name registration disputes involving <.com> domains. On or about September 11, 2011, the National Arbitration Forum issued a decision in Plaintiff's favor, ordering transfer of the Domain Name to Plaintiff. Subsequent to the National

Arbitration Forum's ruling, the registrant of the Domain Name filed an action with a court in South Korea relating to the National Arbitration Forum's UDRP decision and transfer order. Upon information and belief, the South Korean court has issued an order that blocks transfer of the Domain Name to Plaintiff under the UDRP. However, the South Korean court did not adjudicate Plaintiff's rights under U.S. law or the U.S. Trademark Act, namely, the ACPA. As a result, the South Korean court's rulings are not relevant to Plaintiff's above-captioned *in rem* Complaint seeking injunctive relief under the ACPA.

27.    As of July 28, 2011, the website appearing at the web address for the Domain Name, namely, www.citycard.com, displayed various links to credit card services providers, including Plaintiff's direct competitors. A downloaded copy of the website as it existed in July 2011 is attached hereto as **Exhibit 9**. The registrant subsequently altered the content of that website to display various discount card services, which are not affiliated with, sponsored by, or approved by Plaintiff. A downloaded copy of the website as it existed in October 2012 is attached hereto as **Exhibit 10**. As demonstrated by Exhibits 9 and 10, the content appearing at the website accessible via the Domain Name—a domain name that incorporates Plaintiff's CITI Marks without Plaintiff's authorization—is beyond Plaintiff's control and is likely to cause confusion among consumers.

<div align="center">

**COUNT I**

***In Rem* Action Under the Anticybersquatting Consumer Protection Act**
**(15 US.C. § 1125(d)(2))**
</div>

28.    Plaintiff realleges and incorporates by reference paragraphs 1-27 as if fully set forth herein.

29.    As set forth above, and under Section 1125(d)(2)(A)(i), the Domain Name violates Plaintiff's exclusive rights in its CITI Marks. The Domain Name is confusingly similar to, and dilutive of, Plaintiff's famous CITI Marks.

30.     The registrant of the Domain Name has a bad faith intent to profit from its unauthorized use of the CITI Marks by diverting consumers from Plaintiff's authorized websites to sites accessible under the Domain Name, which harm the goodwill represented by Plaintiff's CITI Marks, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

31.     The registrant of the Domain Name has no trademark or other intellectual property rights in the Domain Name.  The Domain Name does not consist of the legal name of the registrant or a name that is otherwise commonly used to identify the registrant.  Registrant has made no prior use of the Domain Name in connection with the bona fide offering of any goods or services.

32.     The continued registration and use of the Domain Name violates 15 U.S.C. § 1125(d)(2), which protects U.S. trademark owners and prohibits the registration of Internet domain names that are confusingly similar to any trademark, or dilutive of any famous trademark.

33.     Plaintiff has suffered, and continues to suffer, irreparable harm to its reputation and goodwill as a result of the registration and ongoing use of the Domain Name.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Citigroup Inc. respectfully requests that this Court enter an order for

Plaintiff and against the Domain Name as follows:

      i. VeriSign, Inc. shall transfer the <citycard.com> domain name from its current registrar to the account maintained by Citigroup with the registrar Corporation Service Company; and

     ii. Plaintiff be awarded such other and further relief as this Court may deem just.

Dated:  December 4, 2012             Respectfully submitted,


Charles B. Molster III
(VSB No. 23613)
Attorney for Plaintiff Citigroup Inc.
WINSTON & STRAWN LLP
1700 K Street, N. W.
Washington, D.C. 20006
(202) 282-5988
(202) 282-5100 (Facsimile)
cmolster@winston.com

Paul D. McGrady, Jr.
Thomas M. Williams
Monique N. Bhargava
(Attorneys for Plaintiff Citigroup Inc.
subject to admission pro hac vice)
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Tel.: (312) 558-3792
Fax: (312) 558-5700

Attorneys for Plaintiff Citigroup Inc.

9